IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DENGE LEMO GAHANO**, | Case No. 3:20-cv-00747-SB |
| Petitioner, | **ORDER** |
| v. | |
| **CHRISTINA POPOFF**, | |
| Respondent. | |

**IMMERGUT, District Judge.**

On July 28, 2021, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation ("F&R"), recommending denial of the Petition for Writ of Habeas Corpus, ECF 1, that Petitioner filed in this matter. ECF 23. Judge Beckerman further recommended that this Court dismiss the case with prejudice and decline to issue a Certificate of Appealability ("COA"). *Id*. Petitioner timely filed objections to the F&R. ECF 25.

This Court has reviewed de novo the portion of the F&R to which Petitioner objected. As discussed below, this Court agrees with Judge Beckerman's reasoning and ADOPTS the F&R in its entirety.

PAGE 1 – ORDER

**STANDARDS**

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court need not review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Even so, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

A court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "This 'in custody' requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the conviction or sentence under attack at the time his petition is filed.'" *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005), *abrogated on other grounds by Chaidez v. United States*, 568 U.S. 342 (2013) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam)).

Physical confinement generally satisfies the "in custody" requirement, unless it stems from unrelated charges or if it results from a conviction separate from that being challenged. *See Woodall v. Beauchamp*, 450 F. App'x 655, 657 (9th Cir. 2011) (unpublished) (holding that an appellant confined on charges unrelated to those being challenged was not "in custody" under Section 2254(a)). "It is well-established that 'once the sentence imposed for a conviction has

PAGE 2 – ORDER

completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.'" *Resendiz*, 416 F.3d at 956 (quoting *Maleng*, 490 U.S. at 492) (emphasis omitted).

## DISCUSSION

Petitioner objects to three determinations made by Judge Beckerman in the F&R: (1) that *Padilla v. Kentucky*, 559 U.S. 356 (2010), did not abrogate the holding in *Resendiz*, 416 F.3d at 956–58, that immigration consequences of a conviction are collateral and insufficient to establish jurisdiction under 28 U.S.C. § 2254(a); (2) that Petitioner was not "in custody," as defined in 28 U.S.C. § 2254(a), and so this Court lacks jurisdiction over his habeas corpus petition; and (3) that this Court should deny a COA. *See* ECF 25 at 1–2.

As to Petitioner's first objection, this Court agrees with Judge Beckerman's conclusion that *Padilla* did not abrogate the holding in *Resendiz*. *See* ECF 23 at 4–5. In *Resendiz*, the Ninth Circuit considered whether immigration consequences flowing from a state criminal conviction render an individual "in custody pursuant to the judgment of a State court" for purposes of Section 2554(a). 416 F.3d at 957. The Ninth Circuit held that they do not. Immigration consequences "arise from the action of an independent agency . . . and are consequences over which the state trial judge has no control whatsoever." *Id*. at 957 (citing *United States v. Amador-Leal*, 276 F.3d 511, 515–516 (9th Cir. 2002) (*abrogation recognized by U.S. v. Bonilla*, 637 F.3d 980 (9th Cir. 2011)). Immigration consequences to a state conviction "have long been viewed as 'collateral,' and thus are not themselves sufficient to render an individual 'in custody.'" *Id*. at 956. *Padilla* did not change this.

In *Padilla*, the Supreme Court considered whether a criminal defense attorney's failure to accurately advise a client of the immigration consequences of a conviction constitutes ineffective representation under the Sixth Amendment. 559 U.S. at 359–360. The Supreme Court explicitly

PAGE 3 – ORDER

declined to consider whether immigration consequences are direct or collateral consequences of a state conviction because it had "never applied a distinction between direct and collateral consequences to define the scope of constitutionally 'reasonable professional assistance' required under" *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *Padilla*, 559 U.S. at 365. Though *Padilla* recognized the importance of immigration consequences to criminal defendants who are not United States citizens, *id*. at 364, it did not abrogate *Resendiz*'s holding that such consequences are collateral and thus insufficient to establish jurisdiction under Section 2254(a).[1]

As a result, this Court also agrees with Judge Beckerman's conclusion that Petitioner was not "in custody," as defined in Section 2254(a). ECF 23 at 5. Petitioner acknowledges that he was released from custody under his state convictions—the ones he now challenges—in 2019. ECF 22 at 2. Because the sentence imposed for the state convictions has expired, the collateral consequences of the convictions are not themselves sufficient to render Petitioner "in custody" under Section 2254(a). *See Maleng*, 490 U.S. at 492 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."). Under Ninth Circuit precedent, immigration consequences are collateral consequences

---

[1] *See also Aguirre-Urbina v. Asher*, No. 3:16-cv-05935-RJB-JRC, 2017 WL 8942556, at *3 (W.D. Wash. Apr. 12, 2017), report and recommendation adopted, No. 16-5935 RJB JRC, 2017 WL 2060704 (W.D. Wash. May 15, 2017) (explaining the petitioner's reliance on *Padilla* was misplaced because "the Supreme Court did not resolve whether the possibility of deportation was a collateral or direct consequence of a criminal conviction); *Cortez-Rodriguez v. Nevada*, No. 2:13-cv-02094-JAD-PAL, 2015 WL 1308511, at *2 (D. Nev. Mar. 24, 2015) (rejecting the petitioner's reliance on *Padilla* because the Supreme Court "has not determined whether immigration consequences are direct or collateral consequences of conviction, [and therefore] this court must follow existing Ninth Circuit law, which holds that immigration consequences are merely collateral consequences that do not alone satisfy the in-custody requirement"); *Hough v. Nevada*, 2:13-cv-00487-JAD-CWH, 2015 WL 128705, at *3 (D. Nev. Jan. 9, 2015) ("[P]otential immigration consequences are insufficient to trigger habeas jurisdiction under § 2254 when the federal petition is filed after the state sentence has fully expired.").

for the purpose of a habeas corpus petition. *See Resendiz*, 416 F.3d at 956–957. This Court also agrees with Judge Beckerman's conclusion that it lacks jurisdiction to entertain this Petition. ECF 23 at 5.

Finally, Petitioner objects to the recommendation that the Court deny a COA. ECF 25 at 2–3. 28 U.S.C. § 2253(c) "permits the issuance of a COA only where a petitioner had made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). This Court agrees with the F&R that Petitioner had failed to make a substantial showing of the denial of a constitutional right. ECF 23 at 5.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Beckerman's F&R to which Petitioner objected. Upon review, the Court agrees with Judge Beckerman's recommendations and ADOPTS the F&R, ECF 23, in full. The Petition for Writ of Habeas Corpus, ECF 1, is DENIED, and this case is DISMISSED with prejudice. This Court DECLINES to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 9th day of September 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge